# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

August 12, 2025

*The Court gave the Government an opportunity to respond to this request and they have declined. Accordingly, the request is GRANTED. Mr. Martinez-Rojas's bail conditions are hereby modified to replace home detention with a curfew, with curfew hours to be set by Pretrial Services. The Clerk of Court is respectfully directed to terminate Dkt. No. 14. SO ORDERED.*

*Dated: August 25, 2025*

**BY EMAIL & ECF**

Hon. Margaret M. Garnett
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. William Smelin Martinez-Rojas**
      **25 Cr. 274 (MMG)**

Dear Judge Garnett:

I write, as counsel to William Martinez-Rojas in the above-captioned matter, to respectfully request a modification of Mr. Martinez-Rojas's bail conditions to replace home detention with a curfew with curfew hours to be set at the discretion of pretrial services. Pretrial services consents to this request. The government objects.

On May 12, 2025, Mr. Martinez-Rojas was arrested by Immigrations and Customs Enforcement (ICE) agents outside of his home in Manhattan. He was taken to 26 Federal Plaza and then brought to Orange County Correctional Facility where he remained in ICE custody. During this time, Mr. Martinez-Rojas's wife, Mayra Martinez, relinquished his passport to an immigration official at Varick Street in Manhattan, the site of an immigration court.

On May 19, 2025, Mr. Martinez-Rojas was arrested on a federal criminal complaint charging one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) and brought to Magistrate Court in the Southern District. Following a contested bail hearing, Magistrate Judge Lehrburger set the following bail conditions:

> $50,000 personal recognizance bond to be co-signed by three financially responsible persons; compliance with pretrial services supervision as directed; home detention enforced by location monitoring technology as directed by pretrial services; no possession of any firearm, destructive device, or other weapons; surrender all travel documents with no new applications; travel restricted to the Southern and Eastern Districts of New York; follow ICE restrictions.

He was ordered released on his own signature with the remaining conditions to be met within ten days.

Mr. Martinez-Rojas signed the bond and was released from federal criminal custody that day, but he remained in immigration custody. He was returned to Orange County Correctional Facility and his co-signers were interviewed and approved to sign the bond in his criminal case. On June 4, 2025, Mr. Martinez-Rojas was released from Orange County Correctional and went directly to pretrial services, where his location monitor was installed. Pretrial services conducted a home visit the next day and the co-signers signed the bond by June 9.

On June 16, the government indicted Mr. Martinez-Rojas for one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). The following week, Mr. Martinez-Rojas appeared in court as directed and was arraigned on the indictment. The Court set a discovery schedule and motions deadlines. His next appearance is scheduled for October 24 at 11:00 a.m.

The Bail Reform Act demands that the Court "shall order the pretrial release of the person" "subject to the least restrictive further condition or combination of conditions that … will reasonably assure the appearance of the person … and the safety of any other person and the community." 18 U.S.C. § 3142(c). Here, Mr. Martinez-Rojas has demonstrated that home detention is no longer necessary to assure his appearance in court and the safety of the community. Since his release, Mr. Martinez-Rojas has maintained compliance with all the terms of his release. Given his consistent compliance, pretrial services has suggested that "a curfew would be suitable at this time." They note that Mr. Martinez-Rojas "reports as directed and continues to provide ongoing proof of his employment." A curfew with curfew hours to be determined by pretrial services—in lieu of home detention but in addition to all other conditions of release originally imposed—is the least restrictive condition that will reasonably assure his appearance and the safety of the community.

When the Court sets pretrial conditions of release, these conditions must serve "compelling governmental interests." *United States v. Salerno*, 481 U.S. 739, 748 (1987). Further, "[d]ue process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Subjecting Mr. Martinez-Rojas to continued home detention despite his demonstrated, ongoing compliance with the terms of his release serves only to punish him for the non-violent allegations against him. This is not the law.

The Court should therefore amend Mr. Martinez-Rojas's bail conditions to replace home detention with a curfew with curfew hours to be set at the discretion of pretrial services. Pretrial consents to this request; the government objects.

Thank you for your consideration of this request.

                        Respectfully submitted,

                              /s/

                        Marne L. Lenox, Esq.

                        *Counsel for William Smelin Martinez-Rojas*

cc:      Counsel of record